1                       UNITED STATES DISTRICT COURT

2                        DISTRICT OF MASSACHUSETTS

3        _____

4        UNITED STATES OF AMERICA,

5                         Plaintiff,        Criminal Action
                                            No. 21-mj-2049-MBB
6        v.
                                            February 4, 2021
7        DAVID GENTILE,
                           Defendant.       Pages 1 to 21
8        _____

9

10

11

12
                      TRANSCRIPT OF INITIAL APPEARANCE
13                       HELD VIA ZOOM VIDEOCONFERENCE
                  BEFORE THE HONORABLE MARIANNE B. BOWLER
14                     UNITED STATES DISTRICT COURT

15

16

17

18

19

20
                         JOAN M. DALY, RMR, CRR
21                       Official Court Reporter
                      John J. Moakley U.S. Courthouse
22                     One Courthouse Way, Room 5507
                       Boston, Massachusetts  02210
23                        joanmdaly62@gmail.com

24

25

```
 1    APPEARANCES:

 2
      FOR THE GOVERNMENT:
 3
      AMANDA BECK
 4    Assistant U.S. Attorney
      U.S. Attorney's Office
 5    John J. Moakley Courthouse
      Suite 9200
 6    One Courthouse Way
      Boston, Massachusetts 02210
 7    617.748.3144
      amanda.beck@usdoj.gov
 8

 9
      FOR THE DEFENDANT:
10
      MATTHEW MENCHEL, ESQUIRE
11    Kobre & Kim LLP
      2 South Biscayne Boulevard
12    35th Floor
      Miami, FL 33131
13    305-967-6100
      Email: Matthew.menchel@kobrekim.com
14
      DANIEL J. SAVAL, ESQUIRE
15    Brown Rudnick LLP
      One Financial Center
16    Boston, MA 02111
      617-856-8144
17    Email: Daniel.saval@kobrekim.com

18    WILLIAM F. MCGOVERN, ESQUIRE
      Kobre & Kim LLP
19    800 3rd Avenue
      New York, NY 10002
20    212 488 1200
      Email: William.mcgovern@kobrekim.com
21

22

23

24

25
```

P R O C E E D I N G S

(The following proceedings were held via Zoom
Videoconference before the Honorable Marianne B. Bowler,
United States Magistrate Judge, United States District Court,
District of Massachusetts, on February 4, 2021.

The defendant, David Gentile, is present with
counsel.  The Assistant U.S. Attorney is present.)

THE COURT:  I think we have everyone now.  I see
Mr. Saval.

THE CLERK:  United States District Court for the
District of Massachusetts is in session.  The Honorable
Marianne B. Bowler presiding.  Today is February 4, 2021, in
the matter of the United States versus Gentile, Magistrate
Judge Action 21-2049, which will now be heard.

As a reminder to everyone on the video, please note
photography, recording and/or rebroadcasting of the
proceeding is prohibited, and doing so may result in
sanctions as deemed appropriate or necessary by the Court.

So with that would counsel please identify
themselves for the record beginning with the government.

MS. BECK:  Good afternoon, Your Honor.  Amanda Beck
for the United States.

THE COURT:  Thank you.

MR. MENCHEL:  Your Honor, since we have not been
formally admitted yet, do you want Mr. Saval to do the notice

1    of appearance?

2              THE COURT:  I do.

3              MR. SAVAL:  Good afternoon, Your Honor.  Daniel

4    Saval from Kobre & Kim on behalf of the defendant.  I'm here

5    with my partners Matthew Menchel and William McGovern who I

6    have moved for the admission pro hac vice before this Court.

7    I am a member of Massachusetts Bar and also admitted to the

8    District Court.

9              THE COURT:  Thank you very much.  Good afternoon,

10   Mr. Gentile.  I'm Magistrate Judge Bowler.  Can you see me

11   and can you hear me?

12             THE DEFENDANT:  I can.

13             THE COURT:  This is your initial appearance in

14   federal court.  You're appearing today via video link.  Let

15   me begin by describing the arrangements that have been set up

16   for this hearing.  Your lawyers, the prosecutor, the

17   courtroom deputy, the court reporter, the probation officer,

18   and the Court are all in different locations today.

19             If you have any trouble with the video or audio

20   connection, that is, if you cannot see or hear what's

21   happening, please speak up immediately or wave your hand.  Do

22   you understand?

23             THE DEFENDANT:  I do.

24             THE COURT:  We'll stop the proceeding immediately

25   and correct the technical problem.  And if you want anything

1  repeated, just let me know and I will arrange for it.  Just

2  let me know.  Do you understand?

3          THE DEFENDANT:  I do.

4          THE COURT:  If you need to speak with your

5  attorneys at any time during this proceeding, just speak up

6  or raise your hand and let me know, and I will arrange for

7  you to speak with them privately.  Do you understand?

8          THE DEFENDANT:  I do.

9          THE COURT:  I also want you to know that the court

10  reporter is making a record of this proceeding, and if we

11  need a transcript, it can be prepared.  I want to explain

12  something to you about why you are appearing by video link

13  for this hearing.

14          You have the right to be physically present in open

15  court for this hearing, but you can waive that right.  Before

16  I ask you whether or not you intend to waive your right to be

17  physically present, you should know the following:  Our

18  normal procedure until ten months ago was to have all

19  defendants present in the courtroom for this type of hearing.

20  Today is February 4, 2021.

21          As I am sure you are all aware, we are in the midst

22  of a pandemic caused by the coronavirus.  In recent months

23  federal and state authorities have declared states of

24  emergency.  In the federal court we are attempting as best we

25  can to protect the health and safety of everyone including

1    you.

2            For example, if you were brought into the courtroom

3    with other people, you could be in close quarters possibly

4    exposing you to the virus.  We're trying to protect everyone

5    from getting sick and passing the virus to other people while

6    at the same time we're trying to move forward and conduct

7    proceedings like this in the safest possible way for everyone

8    involved.

9            To minimize the health risks, among other things,

10   we're giving defendants the option of appearing via video

11   link.  At this point it is voluntary.  You do not have to

12   appear by video.  So I am going to go through some questions

13   with you to make sure that you understand your right to

14   appear in person and to make sure that you understand you can

15   waive that right.

16           Do you understand everything I've said up to this

17   point?

18           THE DEFENDANT:  I do.

19           THE COURT:  And do you understand that you have the

20   right to be physically present in open court for this

21   hearing?

22           THE DEFENDANT:  I do.

23           THE COURT:  And have you discussed the fact that

24   you're appearing via video link with your attorneys?

25           THE DEFENDANT:  I have.

1          THE COURT:  And do you understand that you have the

2    right to consult with your attorneys privately at any time

3    during this hearing?  All you have to do is let me know and I

4    will arrange for it.  Do you understand?

5          THE DEFENDANT:  I do.

6          THE COURT:  And do you understand that the

7    courtroom is not closed.  This is still a public proceeding.

8    So even though you are appearing by video, your family

9    members and other supporters have the right to attend this

10   hearing electronically.  Do you understand?

11         THE DEFENDANT:  I do.

12         THE COURT:  And do you agree to waive your right to

13   appear in person today and instead agree to appear by video?

14         THE DEFENDANT:  I do.

15         THE COURT:  Mr. Saval, have you discussed or your

16   colleagues discussed the waiver with your client, and is

17   there any reason why I should not accept his waiver?

18         MR. SAVAL:  Your Honor, I am going to defer to my

19   partners, Mr. McGovern and/or Mr. Menchel to respond to Your

20   Honor.

21         MR. MENCHEL:  Is that okay, Your Honor?

22         THE COURT:  That's fine.

23         MR. MENCHEL:  We have discussed it with Mr.

24   Gentile.  He understands, and he's waiving that right.

25         THE COURT:  Thank you.  I find that the defendant

1   has knowingly and voluntarily waived his right to appear at

2   this hearing in person.  I find that requiring the defendant

3   to be present would jeopardize the public health and safety

4   of those who would be present with the defendant during the

5   court proceeding.

6          I further find that additional delay would

7   jeopardize the interests of justice because it is necessary

8   to conduct this hearing promptly to protect the

9   constitutional and legal rights of the defendant.  I accept

10  the defendant's waiver, and we will now proceed with the

11  defendant's initial appearance.

12         We're here, Mr. Gentile, because you have been

13  charged in a federal criminal indictment.  At this hearing I

14  will advise you of your constitutional and legal rights.  I

15  will tell you about the charges against you and the penalties

16  that this Court invoke if you are found guilty.

17         You have been charged in an indictment in the

18  Eastern District of New York with the following offenses:

19  Conspiracy to commit securities fraud in violation of Title

20  18 United States Code Section 371; conspiracy to commit wire

21  fraud in violation of Title 18 United States Code Section

22  1349; securities fraud in violation of Title 15 United States

23  Code Sections 78j(b), 78ff; and Title 18 United States Code

24  Section 2; and wire fraud in violation of Title 18 United

25  States Code Section 1343.

1        Ms. Beck, what are the maximum penalties?

2        MS. BECK:  Yes, Your Honor.  For Count 1,

3   conspiracy to commit securities fraud, the maximum penalties

4   are five years in prison, a fine of $250,000, up to three

5   years of supervised release, and a mandatory $100 special

6   assessment.  For Count 2, conspiracy to commit wire fraud,

7   the maximum personalities are 20 years in prison, a fine of

8   $250,000, up to three years of supervised release, and a $100

9   special assessment.  For Count 3, securities fraud, the

10  maximum penalties are 20 years in prison, a $5 million fine,

11  and up to three years of supervised release, and a $100

12  mandatory special assessment.

13        For each of Counts 4 and 5, which allege wire

14  fraud, the maximum penalties are 20 years in prison, a fine

15  of $250,000, up to three years of supervised release, and a

16  mandatory $100 special assessment on each count.  The

17  defendant also faces a criminal forfeiture allegation.

18        THE COURT:  Thank you.  Mr. Gentile, I'll tell you

19  about your right to counsel and I'll consider conditions of

20  release pending further court proceedings.  That is, whether

21  or not you should be detained or what amount of bail should

22  be set.  This is not a trial, and you will not be called upon

23  to answer the charges at this time.  If at any time I say

24  something you don't understand, please interrupt me and say

25  so.  Is that clear?

1          THE DEFENDANT:  Yes.

2          THE COURT:  As a first step in this hearing I'm
3   going to tell you about your constitutional rights.  You have
4   the right under the Constitution of the United States to
5   remain silent.  Any statement made by you may be used against
6   you in court, and you have the right not to have your own
7   words used against you.  You may consult with an attorney
8   prior to any questioning, and you may have the attorney
9   present during questioning.  Counsel will be appointed
10   without charge if you cannot afford counsel.

11          If you choose to make a statement or to answer
12   questions without the assistance of counsel, you may stop
13   answering at any time.  This right means you do not have to
14   answer any questions put to you by law enforcement agents or
15   by the Assistant United States Attorney Ms. Beck.  I want to
16   make it clear that you're not prohibited from making
17   statements, but that any statement you do make may be used
18   against you.  You're not required to make a statement at this
19   initial appearance, and any statement you to make may be used
20   against you.

21          Finally, if I ask you any questions during this
22   hearing or any future hearing, which you think might
23   incriminate you, you have the right not to answer.  Do you
24   understand everything I've said about your right to remain
25   silent?

1      THE DEFENDANT:  I do.

2      THE COURT:  As I said earlier, you have the right

3   to retain counsel, to be represented by counsel, and to have

4   the assistance of counsel at every critical stage of these

5   proceedings.  You have the right to an attorney at this

6   initial appearance, during any questioning, at any line-up,

7   and at all proceedings in court.  You also have the right to

8   have this Court assign counsel if you cannot afford counsel

9   or you cannot obtain counsel.  Can you afford a lawyer?

10      THE DEFENDANT:  I can.

11      THE COURT:  And do you wish to have counsel of

12   record?

13      THE DEFENDANT:  I do.

14      THE COURT:  In any event, if at some later date

15   that you can no longer afford counsel, you have the right to

16   have this Court assign counsel after the completion of a

17   financial affidavit.  The information in the financial

18   affidavit assists the Court in determining whether or not

19   you're financially unable and therefore entitled to the

20   appointment of counsel.

21      I remind you the affidavit is filed under the pains

22   and penalties of perjury, which means that if the information

23   in the affidavit is false, you could be prosecuted for

24   perjury and if convicted be subject to a fine of up to

25   $250,000 and/or five years in jail.  That's only in the event

1    you seek an appointed lawyer.

2              I am going to ask you some questions now for the

3    sole purpose of bail.  I will ask that you be sworn.  None of

4    these questions is designed to incriminate you.  If you do

5    not wish to answer, you do not have to.  And you may confer

6    with your counsel at any time before you answer the

7    questions.

8              Mr. Putnam, would you please swear the defendant.

9              THE CLERK:  Mr. Gentile, if you could raise your

10   right hand.

11             (DANIEL GENTILE duly sworn by the Deputy Clerk.)

12             THE COURT:  Please state your name for the record.

13             THE DEFENDANT:  David C. Gentile.

14             THE COURT:  And your address.

15             THE DEFENDANT:  1331 Cleveland Street, Apartment

16   2503, Clearwater, Florida.  ZIP Code is 33755.

17             THE COURT:  Thank you.  Ms. Beck, are there any

18   Title III's here?

19             MS. BECK:  No, Your Honor.

20             THE COURT:  All right.  Your telephone number.

21             THE DEFENDANT:  My cell phone number is area code

22   516-641-9461.

23             THE COURT:  And your age.

24             THE DEFENDANT:  54.

25             THE COURT:  And the year you were born.

1              THE DEFENDANT:  1966.

2              THE COURT:  And where were you born?

3              THE DEFENDANT:  In New York.

4              THE COURT:  The last four digits of your Social

5      Security number.

6              THE DEFENDANT:  0371.

7              THE COURT:  And where did you go to school and how

8      far did you go in school?

9              THE DEFENDANT:  I got a bachelors degree in

10     accounting at Queens College.

11             THE COURT:  And are you married or single?

12             THE DEFENDANT:  I'm married.

13             THE COURT:  And do you have any children?

14             THE DEFENDANT:  Four children.

15             THE COURT:  The age range.

16             THE DEFENDANT:  21, 20, 17, and 15.

17             THE COURT:  And how are you employed?

18             THE DEFENDANT:  I'm employed by a company I own.

19             THE COURT:  Do you have a passport?

20             THE DEFENDANT:  I do.

21             THE COURT:  A U.S. passport and only one passport?

22             THE DEFENDANT:  One.  Yeah, I have one U.S.

23     passport, one active passport.

24             THE COURT:  And do you have any firearms?

25             THE DEFENDANT:  Yes.

```
1          THE COURT:  And have you ever been arrested before?

2          THE DEFENDANT:  No.  I have not been arrested.

3          THE COURT:  Thank you.  Ms. Beck, what's the

4    government recommending?

5          MS. BECK:  Your Honor, the government recommends

6    that the defendant be released with standard conditions in

7    addition to a $500,000 unsecured bond with his wife acting as

8    surety.

9          THE COURT:  Well, I don't have the wife available.

10   Do I?  Is she on the Zoom?

11         MR. MENCHEL:  I don't believe so, Your Honor.

12         THE CLERK:  Mr. Gentile, a number ending in 0209,

13   could that be your wife?

14         THE DEFENDANT:  No.  6113 would be the last.

15         THE CLERK:  I don't see her.

16         THE COURT:  I will set it at the 500.  When he gets

17   to the Eastern District of New York, if you wish to have the

18   wife made the surety, you can proceed there.

19         MR. MENCHEL:  Yes.

20         THE COURT:  All right.  Ms. Beck, you'll convey

21   that to the Assistant United States Attorney in the Eastern

22   District of New York?

23         MS. BECK:  Yes, Your Honor.

24         THE COURT:  All right.  Mr. Saval, do you want to

25   be heard on the conditions?
```

1          MR. SAVAL:  Your Honor, once again, if Your Honor
2     permits, I'll defer to my partners Mr. Menchel, Mr. McGovern.
3          THE COURT:  Fine.
4          MR. MENCHEL:  Your Honor, this is Matthew Menchel.
5     We've agreed to those conditions, Your Honor.  They're
6     acceptable.  Thank you.
7          THE COURT: All right.  Mr. Gentile, I'm going to
8     set bail in the amount of a $500,000 unsecured bond.  An
9     unsecured bond means you do not have to post any money today.
10    If you should default or fail to appear for any court
11    appearance that you're required to attend, you could forfeit
12    the whole amount of the bond.
13         I am going to impose the following conditions:
14    That you continue to reside at the residence in Florida and
15    not move without the permission of pretrial services.  You
16    are to report to probation and pretrial services as directed.
17    You are to avoid all contact directly or indirectly with any
18    person who may be a victim or potential witness in the
19    investigation of this case but not limited to co-defendants
20    unless in the presence of counsel.
21         You are to report any contact with law enforcement
22    within 24 hours.  You are refrained from the possession of
23    firearms, ammunition, or other destructive devices.  You will
24    have 72 hours.  I would say that would be to the close of
25    business on shall we make it Tuesday?  Mr. Menchel, does that

1    give him adequate time?

2           MR. MENCHEL:  That's fine, Your Honor.  Thank you.

3           THE COURT:  All right.  So surrender those firearms

4    either to law enforcement or to a transferee and document it

5    to pretrial services.  You are to surrender your United

6    States passport, and you are not to apply for a new passport

7    or any other travel document, and your travel is restricted

8    to the Continental United States.

9           Probation, anything else you wish to add?

10           THE PROBATION OFFICER:  No, Your Honor.  I'm still

11    awaiting reporting instructions from the District of Florida.

12    But when I have them, I'll contact the defendant with those.

13           THE COURT:  All right.  So you'll be reporting to

14    pretrial services.

15           MR. MENCHEL:  May I inquire of Mr. Gentile about

16    one question pertaining to the 72 hours?  Are you currently

17    in Florida with your wife or in New York?

18           THE DEFENDANT:  I'm in Massachusetts.

19           THE COURT:  He's in Boston.

20           MR. MENCHEL:  Are you going back to New York or

21    Florida?

22           THE DEFENDANT:  I was wanting to go to Florida.

23           MR. MENCHEL:  So you can get the firearms out of

24    there by Tuesday, right?

25           THE DEFENDANT:  As long as I can go to Florida,

1      yes.

2                   THE COURT:  Is there a firearm in another residence

3      as well?

4                   THE DEFENDANT:  In New York, Your Honor.

5                   THE COURT:  Well, I think I'll give you until the

6      close of business on Wednesday to see if the firearms in both

7      locations can be resolved.  If you have a problem with that,

8      just come back to either probation or the Court.

9                   MR. MENCHEL:  Thank you, Your Honor.

10                  THE COURT:  I remind you that violation of any of

11     the foregoing conditions of release may result in the

12     immediate issuance of a warrant for your arrest, a revocation

13     of release, and an order of detention as provided for under

14     18 United States Code Section 3148 and prosecution for

15     contempt as provided for in 18 United States Code Section

16     401.  This could result in the possible term of imprisonment

17     and/or a fine.

18                  Now, there are some statutory conditions of bail

19     that I have to tell you about.  If you are arrested while on

20     release, you are to notify pretrial services within 24 hours.

21     While you are on release, you are prohibited from committing

22     a federal, state, or local crime.  If you fail to appear

23     before the Court as required by the conditions of release, in

24     other words, if you're found guilty of bail jumping, you

25     could be assessed a fine of up to $250,000 and/or five years

1    in jail.  Any term of imprisonment for the bail jumping would
2    be a consecutive sentence to the sentence of imprisonment of
3    the underlying offense.  In addition a failure to appear
4    would result in the forfeiture of the bail posted.  That's
5    the $500,000 unsecured loan.
6            And I remind you once again if you violate any
7    condition of release that I have set today, I can immediately
8    issue a warrant for your arrest and can under some
9    circumstances revoke the bail and detain you and commence a
10   prosecution for contempt which could result in a possible
11   term of imprisonment and/or fine.  If you are convicted of an
12   offense while you are on release, you may receive a term of
13   imprisonment of not less than two years and not more than ten
14   years if it's a felony and a term of not less than 90 days
15   and not more than one year if it's a misdemeanor.  The term
16   of imprisonment shall be consecutive and must be imposed in
17   addition to the sentence received for the offense itself.
18           There are four other statutes that I'm going to
19   tell you about.  These are particularly important.  I ask
20   that you listen carefully and to review them with your
21   counsel.  Under Section 1503, it is a federal felony
22   punishable by up to five years and a $25,000 fine to try to
23   influence or intimidate any juror, court officer, or witness
24   or to in any way impede or obstruct the administration of
25   justice.

1          Under Section 1510 it is a federal felony

2     punishable by up to five years in jail and a $250,000 bond to

3     obstruct criminal investigations by endeavoring by means of

4     bribery to obstruct, delay, or prevent the communication of

5     information relating to the violation of any federal criminal

6     statute by any person criminal during a criminal

7     investigation.

8          Under Section 1512 it is a federal felony by up to

9     ten years imprisonment and a $250,000 fine to tamper with a

10    victim, a witness, or informant.  And finally, under Section

11    1513, it is a federal felony punishable by up to ten years in

12    jail and a $250,000 fine to retaliate against a victim or a

13    witness by causing bodily injury or property damage or even

14    threaten or attempting to do so.

15         If I find there's probable cause to believe that

16    you have committed any one of these offenses, I can issue a

17    warrant for your arrest.  Do you understand everything I've

18    said here today?

19         THE DEFENDANT:  I do.

20         THE COURT:  All right.  At this time I would like

21    to read into the record a statement pursuant to the Due

22    Process Protections Act.  Pursuant to the Due Process

23    Protections Act, Public Law 116-182, 134 STAT 894

24    (October 21, 2020), and Rule 50(f) of the federal Rules of

25    Criminal Procedure, this Court issues the following order:

1    The United States is reminded of its obligation to disclose

2    in a timely manner all exculpatory evidence to the defendant.

3    That is, all evidence that is favorable to the defendant or

4    tends to cast doubt on the United States' case as required by

5    *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

6                 Specific categories of exculpatory evidence that

7    must be provided to the defense are set forth in local rule

8    116.2.  The failure to comply with this order may result in

9    consequences including but not limited to the reversal of any

10   conviction, exclusion of evidence, adverse jury instructions,

11   dismissal of charges, contempt proceedings, disciplinary

12   action and/or sanctions by the Court.

13                 Anything else from the government?  Ms. Beck?

14                 MS. BECK:  No.  Thank you, Your Honor.

15                 THE COURT:  All right.  From defense counsel?

16                 MR. MENCHEL:  No.  Thank you, Your Honor.

17                 THE COURT:  All right.  In the interim to all,

18   please stay safe and stay well.  And the bail papers will be

19   coming along shortly.  Hearing nothing else, we stand in

20   recess.

21                 (Court recessed at 4:51 p.m.)

22

23

24

25

```
 1                      - - - - - - - - - - -

 2                        CERTIFICATION

 3

 4          I certify that the foregoing is a correct

 5     transcript of the record of proceedings in the above-entitled

 6     matter to the best of my skill and ability.

 7

 8

 9

10     /s/ Joan M. Daly                    February 9, 2021

11

12     _____                 _____

13     Joan M. Daly, RMR, CRR              Date
       Official Court Reporter
14

15

16

17

18

19

20

21

22

23

24

25
```